■ FIRST NATIONAL BANK OF MORRISVILLE, Appellant, v. STARKE DESIGN, INC., Respondent.— Appeal from a judgment of the Supreme Court, Madison County which dismissed the appellant's complaint on the merits after a trial without a jury. The appellant bank was engaged in the business of financing insurance premiums and had made numerous loans to the customers of an insurance agent named Hyer. Hyer would send to the appellant a note purportedly signed by the insured and payable to the order of the appellant along with the policy being financed. The appellant would notify the insurer of its interest so that in the event of cancellation any unused premium would be returned to it and it would send to the insured a notice memorandum of the details of the transaction and a coupon payment book. Hyer would give the appellant a check covering the service charge and the first payment and the proceeds of the notes were paid directly to Hyer. In the Spring of 1956 the respondent purchased a policy from Hyer which was financed through the appellant. This transaction is not involved here, the final installment having been paid in November, 1956. The notes on which this action are based are dated May 15, 1956 and October 1, 1956 and were for the financing of three policies. The policy financed by the note dated May 15, 1956 was cancelled and a new policy was substituted by Hyer and accepted by the bank without any notice to the respondent. The respondent upon receiving the coupon books made monthly payments on the notes through January, 1957. The appellant in November, 1956 had one of Hyer's checks returned for insufficient funds and at that point began to suspect his activities. A form letter was sent to all of Hyer's accounts asking for a verification of each loan's existence and its status. The respondent did not verify the loans but merely stated that payments were being made on two accounts. The appellant learned directly from Hyer in November that some of his accounts were forged. Subsequent examination by the respondent led to the discovery that the notes were forged and upon this discovery the appellant was notified on February 7, 1957 that the policies had not been ordered or the loans authorized and it was requested to cancel the policies, which it did. The balances owing on the notes were $1,573.12 and $1,674.96, which amounts the appellant seeks in this action. Although the signature of the respondent's president on the notes was an obvious forgery

the appellant contends that Hyer was acting as the respondent's agent or that in any event by making payments on the notes the respondent ratified Hyer's action and is estopped from asserting the forgery. The court below dismissed the complaint on the merits finding that there was no agency, express or implied, and that the payments were made on the erroneous assumption of the notes validity so that there was no ratification and no estoppel and pointed to appellant's carelessness in failing to check the signature on the note or to obtain officers signature cards and copies of corporate resolutions authorizing the borrowing. In order to make out a ratification it is necessary to show that the principal had a knowledge of the material facts and circumstances and that he acted in the light of such knowledge (*Corrigan* v. *Bobbs-Merrill Co.*, 228 N. Y. 58, 70; *King* v. *Mackellar,* 109 N. Y. 215, 223). While it is questionable whether a forgery of an instrument can ever be ratified the payments made by the respondent here were made in the mistaken belief that the notes were valid and without knowledge of the forgery. Further, the court below properly rejected the appellant's contention of estoppel. An essential element of estoppel is reliance (*Lynn* v. *Lynn,* 302 N. Y. 193, 205). The appellant was plainly relying on Hyer, its past dealings with him, the substantial first payment by him, and his statement on the back of the note warranting the genuineness of the insured's signature rather than on any actions or representations by the respondent. Any negligence on the part of the respondent does not relieve the appellant from its negligence in failing to check the signature which was an obvious forgery or in failing to obtain from the respondent officers signature cards or copies of corporate resolutions authorizing borrowing. Judgment unanimously affirmed, with costs. Present — Bergan, P. J., Coon, Gibson, Herlihy and Reynolds, JJ.